IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| HALLMARK CARDS, INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-0377-CV-W-GAF |
| | ) | |
| JANET MURLEY, | ) | |
| | ) | |
| Defendant. | ) | |

## **PROTECTIVE ORDER REGARDING CONFIDENTIALITY**

It is hereby stipulated by and between plaintiff Hallmark Cards, Incorporated ("Hallmark") and defendant Janet L. Murley that the following procedures shall govern all production o f documents and any deposition testimony or further discovery that may hereafter be taken in this case.

1. Pursuant to this Stipulation Protective Order ("Stipulation"), a party or a non-party may designate as "Confidential" any documents, information, testimony, or other discovery material produced by claimant, respondent, or any third party that contains the designating party's confidential and/or proprietary financial, technical, research, development, or commercial information or intellectual property. "Confidential" material may be designated as "Strictly Confidential" if it is of such a highly sensitive, commercial, or competitive nature, such as certain documents or information containing or derived from trade secrets, confidential pricing, costs, or other financial data, or technical, marketing, or customer information or intellectual property rights, that a party or third party in good faith believes that disclosure thereof could harm the party's or third party's current or future competitive or commercial position or be of commercial benefit to its competitions. The

designation of such material as "Confidential" or "Strictly Confidential" will be deemed effective unless and until redesignated by the designating party or ordered otherwise.

2. Any materials designated as "Confidential" shall be maintained in confidence by counsel or record herein and shall be used solely in connection with this proceeding and for no other purpose. Except as otherwise provided herein, access to "Confidential" materials shall be limited to the following persons:

    a. counsel for the parties, including in-house counsel;

    b. secretaries, legal assistants, or other employees of counsel for the parties in connection with this proceeding;

    c. experts or litigation support vendors retained and supervised by counsel of record herein only to the extent necessary to perform such work; provided, however, that no such expert or other person may be engaged in, or be employed by a person or entity engaged in business or other activities that compete with Hallmark or Murley without express written consent in each instance;

    d. employees or agents of the parties having an actual need for such access in order to consult with persons described in paragraph 2.a, b, or c for purposes of this proceeding;

    e. the Court and its staff, and court reporters who record and/or transcribe deposition or other testimony in this action with suitable precautions calculated to maintain confidentiality.

3. Any materials designated as "Strictly Confidential" shall be maintained in confidence by counsel of record herein and shall be used solely in connection with this proceeding and for no other purpose. Except as otherwise provided herein, access to

"Strictly Confidential" materials shall be limited to the following persons:

    a.    counsel for the parties, including at most three (3) in-house counsel;

    b.    secretaries, legal assistants, or other employees of counsel for the parties in connection with this proceeding;

    c.    experts or litigation support vendors retained and supervised by counsel of record herein only to the extent necessary to perform such work; provided, however, that no such expert or other person may be engaged in, or be employed by a person or entity engaged in business or other activities that compete with Hallmark or Murley without express written consent in each instance;

    d.    employees or agents of the parties having an actual need for such access for purposes of this proceeding in order to consult with persons described in paragraph 2.a, b, or c, provided, however, that the number of non-attorney employees of the party is limited to four (4) in number, whose identify shall be disclosed;

    e.    the Court and its staff, and court reporters who record and/or transcribe deposition or other testimony in this proceeding with suitable precautions calculated to maintain confidentiality.

4.    Except as provided below in this Paragraph 4, persons who are given access to any of the materials covered by this Stipulation, other than (1) the Court, its staff, and court reporters and (b) those persons specified in paragraphs 2.a, 2.b, 3.a, and 3.b above, shall execute the Undertaking attached hereto as Exhibit A before any disclosure is made, or, in the case of a testifying witness, agree on the record to be bound by the terms and conditions of this Stipulation. The executed original Undertaking shall in every instance be retained and preserved by counsel for the party disclosing the Confidential or Strictly

Confidential information.

5. "Confidential" or "Strictly Confidential" materials, as used in this Stipulation, shall refer to any so designated document, information, testimony, or other discovery material and all copies thereof, and shall also refer to the information contained in such materials.

6. No designation of discovery materials as "Confidential" or "Strictly Confidential" shall be made unless counsel for designating party believes in good faith that the designated material is entitled to such degree of protection.

7. No designation for "Confidential" or "Strictly Confidential" material shall be effective unless there is placed or affixed on such material a "CONFIDENTIAL" or "STRICTLY CONFIDENTIAL" notice or the equivalent thereof. Any "Confidential" or "Strictly Confidential" designation that is inadvertently omitted during document production or deposition testimony may be corrected by written notice to all other counsel. Testimony given at a deposition or hearing may be so designated by an appropriate statement at the time of the giving of such testimony or within a reasonable time after the transcript has been prepared.

8. Persons permitted access to "Confidential" or "Strictly Confidential" information hereunder shall not show, disclose, or convey any such information to any person other than an expressly permitted by this Stipulation. Paragraph 3(d)(ii) of this Stipulation shall remain in effect after this proceeding is concluded unless and until the Court rules otherwise. Notwithstanding anything to the contrary in Paragraphs 2 and 3 above, nothing in this Stipulation shall preclude a party which has produced "Confidential" or "Strictly Confidential" information and so designated it from granting access to that

information by that party's own employees.

9. If at any time a party objects to a designation of material as "Confidential" or "Strictly Confidential" under this Stipulation, the objecting party shall notify the designating party in writing. The objecting party shall identify the material in question, and shall specify in reasonable detail the reason(s) for the objection. Within ten (10) calendar days after the receipt of such notice, the designating party and the objecting party shall meet and confer in an effort to resolve their differences. If no agreement is reached, the objecting party shall have the burden of going forward to challenge the designation of the material as "Confidential" or "Strictly Confidential" and the party designating the material as "Confidential" or "Strictly Confidential" shall have the burden of establishing the propriety of such designation. The material shall be maintained as "Confidential" or "Strictly Confidential" until the Court rules otherwise.

10. The entry of this Stipulation shall not, in itself, operate as an admission against or otherwise prejudice any contention of Hallmark or Murley on any motion provided for herein, nor shall such Stipulation be taken to constitute a waiver of Hallmark's or Murley's right to seek relief from any and all provisions of this Stipulation at a future time. This Stipulation has no bearing on the admissibility or inadmissibility of any evidence sought to be introduced at any court herein or at trial.

11. In the event any information designated as "Confidential" or "Strictly Confidential" is used in any court proceeding, it shall not lose its status as "Confidential" or "Strictly Confidential" through such use, and the parties shall take all steps reasonably required to protect the confidentiality of the information during such use including filing said documents and information under seal.

12. At the conclusion of this action, the documents and information designated as "Confidential" or "Strictly Confidential", and the matters contained therein, including all copies, extracts, and summaries thereof, shall be returned promptly to the producing party, or counsel for Hallmark and Murley shall certify in writing that all such material provided to them, including all copies, summaries, and extracts, has been destroyed. Notwithstanding the foregoing, counsel for any party may retain copies of briefs and other papers filed with the Court, deposition transcripts, and attorney work product that contains or constitutes Confidential or Strictly Confidential Information, so long as such briefs and other papers are maintained in confidence in accordance with the provisions of this Order.

13. Plaintiff Hallmark Cards Incorporated and defendant Janet L. Murley stipulate pursuant to Fed. R. Evid. 502 and Fed. R.Civ. P. 26(b)(5)(B) and (c), and have requested the Court to so order, that:

> An "Inadvertently Produced Document" is a document that a party to this litigation provides to the opposing party in this case but that should have been withheld by the Producing Party, in whole or in part, based on a claim of privilege, work-product protection, confidentiality or other restrictions on disclosure, and for which the Producing Party provides reasonable notice, as required in this order.
>
> The "Producing Party" is the party that provides an Inadvertently Produced Document.
>
> The "Receiving Party" is a party that receives an Inadvertently Produced Document.
>
> Procedures Governing Inadvertently Produced Documents

a. Sub-paragraphs b and c of this paragraph 13 shall govern the procedures by which a Producing Party may request the return of Inadvertently Produced Documents from the Receiving Party. These provisions do not govern the adjudication of disputes concerning the applicability of privileges, work-product protections, confidentiality claims or other restrictions on disclosure to materials produced in this case. Similarly, these provisions may not be invoked to waive any party's right to assert privileges, work-product protection or other restrictions on disclosure concerning Inadvertently Produced Documents, or to preclude any challenges to the substantive claims of privilege, work-product protections or other restrictions on disclosure concerning Inadvertently Produced Documents.

b. Providing an Inadvertently Produced Document shall neither constitute the voluntary disclosure of such document nor waive claims of privilege, work-product protection, confidentiality or other restrictions on disclosure that the Producing Party may be entitled to assert with respect to such document or any portion of such document if the Producing Party notifies the Receiving Party in writing within a reasonable time after discovery of the Inadvertent Production. The notice should contain information sufficient to identify: (i) the document, including its format, and other information necessary to locate the Inadvertently Produced Document, including but not limited to the Bates Numbers associated with such document; and (ii) the claim of privilege, work-product protection, confidentiality or other restrictions on disclosure asserted. Moreover, providing an Inadvertently Produced Document shall

not constitute a voluntary disclosure with respect to the Inadvertently Produced Document or any document or portion thereof that contains the same subject matter as the Inadvertently Produced Document.

c.  The parties agree to use reasonable diligence to identify an Inadvertently Produced Document.

d.   Upon receipt of the notice set forth in sub-paragraph 2 above, the Receiving Party shall refrain from any further review of use of the Inadvertently Produced Document or any information derived from it.  Within three (3) days of receiving the notice, the Receiving Party shall return all copies of the Inadvertently Produced Documents.  In addition, if the Receiving Party determines that it will challenge claims of privilege, work-product protection, confidentiality or other restrictions on disclosure asserted by the Producing Party regarding the Inadvertently Produced Document, the Receiving Party may provide a copy of the Inadvertently Produced Document to the Court for its in camera review.

e.  The Receiving Party shall undertake reasonable and good faith efforts to notify any person who may have received copies of the Inadvertently Produced Document from the Receiving Party of the fact hat it has been identified as an Inadvertently Produced Document, provide that person with a copy of this order, and ask that the person return all copies of the Inadvertently Produced Documents.

s/ Gary A. Fenner

/s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED: August 25, 2009