IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| HALLMARK CARDS, INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-0377-CV-W-GAF |
| | ) | |
| JANET MURLEY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON EXPERT DISCOVERY**

1. This Stipulated Order on Expert Discovery ("Expert Stipulation") will govern expert discovery in this proceeding. To the extent that this Expert Stipulation imposes limitations on discovery which otherwise would be available under the applicable Federal Rules of Civil Procedure, the parties have agreed to any such limitations. Neither the terms of this Expert Stipulation nor the parties' agreement hereto implies that any of the information hereby restricted from discovery would otherwise be discoverable.

2. Each expert who is expected to testify in this proceeding will provide a written report pursuant to Rule 26(a)(2)(B), along with all materials referenced in the report which have not been previously produced, and any materials provided to or by the expert and/or any assistant to the expert, reviewed, or relied on by the expert and/or any assistant to the expert, unless expressly excepted herein. No deposition, document, or hearing subpoenas need be served on any testifying expert from whom a written report is provided. Instead, the party or parties retaining such expert will make him or her available for deposition, at a time mutually agreed to by the parties, during the agreed period for expert depositions. Expert depositions will be held at reasonable locations agreed to by the parties. The

deposition of an expert shall not exceed seven (7) hours, absent agreement among the parties or order of the Court.

       3.      The parties will supplement an expert's report, if necessary, no later than ten (10) business days before that expert's deposition. To the extent that the written report relies on exhibits, information, or data processed or modeled by computer at the direction of a disclosed expert in the course of forming the expert's opinion, machine readable copies of the exhibits, information, and data (including all input and output files) along with the appropriate computer programs and instructions shall be produced along with the report.

       4.      The following categories of data, information, or documents need not be produced by any party:

a.      draft reports, draft studies, or draft work papers; preliminary calculations, computations, modeling or data runs; or other preliminary or draft materials prepared by, for, or at the direction of an expert witness, but any documents relied on by the expert or forming the basis of summaries or tables of information relied on by the expert shall be produced and subject to discovery; and

b.      any oral or written communications between an expert witness or the expert's assistants and/or clerical or support staff and the attorneys for the party offering the testimony of such expert witness, unless the expert witness is relying on the communication in connection with the expert witness' opinions in this proceeding.

5.      Notwithstanding the provisions of 4, (b) copies of expert engagement letters shall be provided no later than five (5) business days before an expert's deposition, and (b) fee arrangements, compensation, time spent in preparing reports and testimony, and frequency and duration (but not the substance) of meetings with counsel for the retaining party or

parties may be topics of examination at any expert deposition.

6. No expert shall testify at trial as to any matter not disclosed in his or her report, as duly supplemented in accordance with this Expert Stipulation, or in his or her deposition, except as proper rebuttal or in response to questions and matters that may be asked directly by the Court.

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED: August 25, 2009